B9I (Official Form 9I) (Chapter 13 Case) (12/10)             Case Number **11–11334–SJS**

# UNITED STATES BANKRUPTCY COURT
Western District of Washington

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines
## Notice of Ex Parte Motion to Dismiss if Debtor Fails to Appear at the Sec. 341 Meeting, and Notice of Appointment of Trustee

The debtor(s) listed below filed a chapter 13 bankruptcy case on **February 8, 2011**.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.

**NOTE:** The staff of the bankruptcy clerk's office cannot give legal advice.

See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Eleazar R Sevilla
aka Ricardo Sevilla
15517 81st Ave NE
Kenmore, WA 98028

| | |
|---|---|
| Case Number: 11–11334–SJS<br>Office Code: 2 | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx–xx–0055 |
| Attorney for Debtor(s) (name and address):<br>Jefferson H Coulter II<br>Coulter Martin Smith PLLC<br>1741 1st Ave Ste 200<br>Seattle, WA 98134<br>Telephone number: 206–254–1193 | Bankruptcy Trustee (name and address):<br>K Michael Fitzgerald<br>600 University St #2200<br>Seattle, WA 98101<br>Telephone number: 206–624–5124 |

## Meeting of Creditors

Date: **April 4, 2011**        Time: **01:00 PM**

Location: **US Courthouse, Room 4107, 700 Stewart St, Seattle, WA 98101**

**Important Notice to Debtors:** All Debtors (other than corporation and other business entities) must provide picture identification and proof of social security number to the Trustee at the meeting of creditors. Original documents are required; photocopies are not sufficient. Failure to comply will result in referral of your case for action by the U.S. Trustee.

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): **July 5, 2011**     For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **August 8, 2011**

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts and All Reaffirmation Agreements must be filed with the bankruptcy clerk's office by June 3, 2011.**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan, Hearing on Confirmation of Plan
The Debtor has filed a plan. The plan or a summary of the plan is enclosed.
The hearing on confirmation will be held:
Date: **May 18, 2011**, Time: **09:30 AM**, Location: **U.S. Courthouse, Room 8206, 700 Stewart Street, Seattle, WA 98101**

## Creditors May Not Take Certain Actions:
Generally, the filing of the bankruptcy case automatically stays certain collection and other actions against the Debtor and the Debtor's property. There are some exceptions provided for in 11 U.S.C. § 362. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>700 Stewart St, Room 6301<br>Seattle, WA 98101<br>Telephone number: 206–370–5200 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Mark L. Hatcher<br><br>This case has been assigned to Judge Samuel J. Steiner. |
| Hours Open: Monday – Friday 8:30 AM – 4:30 PM | Date: March 4, 2011 |

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Confirmation of Plan | OBJECTIONS TO CONFIRMATION must be filed with the clerk at the address listed on the reverse side, with the Debtor and Debtor's attorney, and with the Chapter 13 Trustee seven (7) days before the date of the confirmation hearing **May 18, 2011**. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe taht the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Notice Re: Dismissal | If the Debtor fails to file required schedules, statements or lists within 14 days from the date the petition was filed, the U.S. Trustee will apply for an ex parte order of dismissal on the seventh day after the deadline passes. If the Debtor or joint Debtor fails to appear at the meeting of creditors, the U.S. Trustee will apply ex parte for an order of dismissal seven days after the date scheduled for the meeting of creditors, or the date of any rescheduled or continued meeting. This is the only notice you will receive of the U.S. Trustee's motion to dismiss the case. If you wish to oppose the dismissal you must file a written objection within seven days after the applicable deadline passes (i.e. 14–day deadline of date of meeting of creditors). |
| Appointment of Trustee | Pursuant to 11 U.S.C. § 1302 and § 322 and Fed. R. Bankr. P. 2008, **K Michael Fitzgerald** is appointed Trustee of the estate of the above name Debtor(s) to serve under the Trustee's blanket bond. The appointment is made effective the date of this notice. Unless the Trustee notifies the U.S. Trustee and the Court in writing of rejection of the appointment within seven (7) days of receipt of this notice, the Trustee shall be deemed to have accepted the appointment.<br><br>Mark H. Weber, Assistant U.S. Trustee |

Refer to Other Side for Important Deadlines and Notices